AO 245E   (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT
### District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**SCHERING SALES CORPORATION** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Organizational Defendants)<br>CASE NUMBER: 1: 06 CR 10250 - 001 - PBS<br>Brien T. O'Connor, Esq.<br>Defendant Organization's Attorney |

Additional documents attached ☐

**THE DEFENDANT ORGANIZATION:**

☑ pleaded guilty to count(s)   1 of an Information

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Section 371 | Conspiracy to Violate 18 U.S.C. Section 1001 | 8/31/2001 | 1 |

The defendant organization is sentenced as provided in pages 2 through   5   of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's
Federal Employer I.D. No.:   **22-3138814**

Defendant Organization's Principal Business Address:

Kenilworth, NJ 07033

1/17/2007
Date of Imposition of Judgment

_(signature)_
Signature of Judge

The Honorable Patti B. Saris       Judge, U.S. District Court
Name of Judge                Title of Judge

2/7/07
Date

Defendant Organization's Mailing Address:

same

AO 245E  (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
        Sheet 3 — Criminal Monetary Penalties

DEFENDANT ORGANIZATION: **SCHERING SALES CORPORATION**         Judgment — Page **2** of **5**
CASE NUMBER: **1: 06 CR 10250 - 001 - PBS**

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

|        | **Assessment** | **Fine**           | **Restitution** |
|--------|----------------|--------------------|-----------------|
| TOTALS | $ 400.00       | $ 180,000,000.00   | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
|   |   |   |   |
| **TOTALS** | $ 0.00 | $ 0.00 |   |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E     (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
            Sheet 4 — Schedule of Payments

DEFENDANT ORGANIZATION: **SCHERING SALES CORPORATION**
CASE NUMBER: **1: 06 CR 10250 - 001 - PBS**

Judgment — Page 3 of 5

## SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   ☐ Lump sum payment of $ _____ due immediately, balance due

      ☐ not later than _____ , or
      ☐ in accordance with   ☐ C or   ☐ D below; or

**B**   ☐ Payment to begin immediately (may be combined with   ☐ C or   ☐ D below); or

**C**   ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☑ Special instructions regarding the payment of criminal monetary penalties:

     The $400.00 Special Assessment is due immediately.
     The $180,000,000.00 Fine is to be paid within one week from the date of sentencing.

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Attachment — Statement of Reasons

DEFENDANT ORGANIZATION: **SCHERING SALES CORPORATION**    Judgment — Page __4__ of __5__
CASE NUMBER: **1: 06 CR 10250  - 001 - PBS**

## STATEMENT OF REASONS

☐ The court adopts the presentence report and guideline applications **WITHOUT CHANGE.**

**OR**

☑ The court adopts the presentence report guideline applications **BUT WITH THESE CHANGES:**

THERE WAS A MINOR DISAGREEMENT OVER THE FINE RANGE. I ADOPTED THE RANGE SET IN THE PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C).

**Guideline Range Determined by the Court:**

☐ The defendant organization is a criminal purpose organization pursuant to U.S.S.G. §8C1.1.

**OR**

☐ The calculation of the guideline fine range is unnecessary because the defendant organization cannot pay restitution pursuant to U.S.S.G. §8C2.2(a).

**OR**

Total Offense Level: __26__
Base Fine: __$128,634,457.00__
Total Culpability Score: __7__
Fine Range: $ __179,999,400.00__ to $ __275,154,999.00__

☐ Disgorgement amount of $ _____ is added to fine pursuant to U.S.S.G. §8C2.9.

☐ Fine offset amount of $ _____ is subtracted from fine pursuant to U.S.S.G. §8C3.4.

☐ Fine waived or below the guideline range because of inability to pay pursuant to U.S.S.G. §8C.3.3.

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution: $ __0.00__

☑ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

☑ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

☑ Restitution is not ordered for other reasons:
SEE BELOW.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c) for the following reason(s):

AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
           Attachment A — Statement of Reasons

DEFENDANT ORGANIZATION: **SCHERING SALES CORPORATION**      Judgment — Page  5  of  5
CASE NUMBER: **1: 06 CR 10250   - 001 - PBS**

## STATEMENT OF REASONS

☐ The sentence is within the guideline range and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence departs from the guideline range:

　　☐ upon motion of the government, as a result of a defendant's substantial assistance, or

　　☐ for the following specific reason(s):

　　THE CIVIL AGREEMENT PROVIDES FULL RESTITUTION TO THE UNITED STATES, MEDICAID, STATE ENTITIES, AND THE PUBLIC HEALTH SERVICE ENTITIES. THE FEDERAL GOVERNMENT PROVIDED NOTICE TO 300 PRIVATE THIRD PARTY PAYORS WHICH MIGHT BE VICTIMS OF THE DEFENDANT'S OFF-LABEL MARKETING SCHEME. APPROXIMATELY 40 SUBMITTED RESPONSES. UNFORTUNATELY, GIVEN THE VAGUENESS OF MANY OF THE VICTIM IMPACT STATEMENTS AND THE COMPLEXITY OF THE CLAIMS DATA, IT IS TOO DIFFICULT TO DISCERN WHICH THIRD PARTY PAYORS (IF ANY) WERE VICTIMS OR THE AMOUNT OF RESTITUTION THAT WOULD BE APPROPRIATE. OF INTEREST, MOST THIRD PARTY PAYORS STATED THAT THEY REIMBURSE FOR OFF LABEL PRESCRIPTIONS FOR CANCER DRUGS BECAUSE THEY ARE REQUIRED TO DO SO BY STATE LAW OR THEIR INTERNAL POLICIES. RESOLVING THE CLAIMS BY THIRD PARTY PAYOR VICTIMS WOULD PUT AN UNNECESSARY BURDEN ON THE SENTENCING PROCESS.
　　SCHERING IS OBLIGATED TO FULLY REIMBURSE THE MEDICAID PROGRAMS AND THE PHS PROGRAMS FOR LOSSES SUFFERED AS A RESULT OF THE FIRST OBJECT OF THE CONSPIRACY PURSUANT TO THE CIVIL SETTLEMENT AGREEMENT, WHICH AMOUNTS ARE NOW DUE AND OWING AS PART OF THE NON QUI TAM SETTLEMENT AMOUNT DESCRIBED IN PARAGRAPH 1.A, THE MEDICAID STATE SETTLEMENT AMOUNT DESCRIBED IN PARAGRAPH 1.B, AND THE PHS SETTLEMENT AMOUNT DESCRIBED IN PARAGRAPH 1.C., IN ACCORD WITH THE TERMS OF THAT AGREEMENT. THE AMOUNT OF THE MEDICAID PROGRAM LOSS, BOTH STATE AND FEDERAL, WAS $4,392,000 AND THE PHS PROGRAM LOSS WAS $64,099.66, ALL OF WHICH HAS ALREADY BEEN PAID OR WILL BE PAID PURSUANT TO THE CIVIL SETTLEMENT AGREEMENT.
　　THE PARTIES HAVE AGREED AND INTEND THAT SCHERING WILL PAY $13,132,000 TO THE FEDERAL HEALTH CARE PROGRAMS FOR LOSSES SUFFERED AS A RESULT OF THE SECOND OBJECT OF THE CONSPIRACY. THAT AMOUNT IS A PORTION OF THE QUI TAM SETTLEMENT AMOUNT AS DESCRIBED IN PARAGRAPH 1.A OF THE CIVIL SETTLEMENT AGREEMENT.